UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT LEE STILTNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 22-3714 (UNA) |
| ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

Robert Lee Stiltner, appearing *pro se*, has filed a Petition for Judicial Review, ECF No. 1, and an application to proceed *in forma pauperis* (IFP), ECF No. 2.  The Court will grant the IFP application and dismiss the case pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's case against a governmental entity if the court determines that the action fails to state a claim upon which relief may be granted.

Petitioner is an Oklahoma state prisoner who "is a descendant of a member of the Cherokee Nation[.]" Pet. at 1.  He is serving a 25-year prison sentence "for crimes occurring within the boundaries of the Muscogee Creek Nation reservation."  *Id*.  Alleging that the state court lacked "criminal jurisdiction," Petitioner seeks a writ of mandamus to compel the U.S. Departments of Justice and Interior to investigate his prosecution, conviction, and incarceration and "if necessary, [to] prosecute Oklahoma state officials for [his] illegal detention."[1]  *Id.* at 1, 5.

---

[1]  Although Petitioner seeks the same relief for "other similarly situated," prisoners, Pet. at 5, he, as a *pro se* litigant, can neither prosecute the claims of other individuals, 28 U.S.C. § 1654, nor serve as a class representative, *DeBrew v. Atwood*, 792 F.3d 118, 131 (D.C. Cir. 2015).

Mandamus is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc).

Petitioner has an available remedy in habeas, *see Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus [.]") (citation omitted)); *Morales v. Jones*, 417 Fed. App'x 746, 749 (10th Cir. 2011) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause."), and where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie," *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988). Also, it is established that courts cannot compel agencies to initiate an investigation because such decisions are "generally committed to an agency's absolute discretion," *Heckler v. Chaney*, 470 U.S. 821, 831 (1985), and "[m]andamus will not lie to control the exercise of this discretion," *Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C. Cir. 1965). For these reasons, the case will be dismissed by separate order.

Date: January 4, 2023

_____/s/_____
CHRISTOPHER R. COOPER
United States District Judge